UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **RANJIT MITRA, M.D.,** : | |
| : | Civil Action No. 15-1259 (CCC) |
| **Plaintiff,** : | |
| : | |
| v. : | MEMORANDUM OPINION |
| : | |
| **PRINCIPAL INSURANCE COMPANY,** : | |
| : | |
| **Defendant.** : | |

**CLARK, Magistrate Judge**

This matter has been opened to the Court upon Plaintiff Ranjit Mitra, M.D.'s ("Plaintiff") motion for leave to file an amended complaint to add one new cause of action alleging bad faith on the part of Defendant Principal Insurance Company ("Defendant"). [Docket Entry No. 12-1.] Defendant opposes Plaintiff's motion. [Docket Entry No. 13.]  The Court has fully reviewed and considered all arguments made in support of, and in opposition to, Plaintiff's motion.  The Court considers Plaintiff's motion without oral argument pursuant to L.Civ.R. 78.1(b).  For the reasons set forth more fully below, Plaintiff's Motion to Amend is DENIED.

**I.     BACKGROUND**

Plaintiff is a New Jersey physician who specializes in the field of psychiatry. *Compl*. at ¶1; Docket Entry No. 1.  On June 21, 2011 Plaintiff entered into a written agreement with the State of New Jersey, Department of Law and Public Safety, to cease prescribing controlled dangerous substances.  Afterward, the New Jersey Board of Medical Examiners issued charges against Plaintiff for alleged violations of the agreement, and Plaintiff agreed to a temporary suspension of his medical license while the charges were pending. *Id.* at ¶¶7-8.  A Suspension

Order was entered and filed on September 30, 2013, to be effective October 9, 2013. *Id*. Plaintiff's license to practice medicine and surgery was eventually revoked on July 10, 2014 by the New Jersey Board of Medical Examiners for the indiscriminate prescribing of Controlled Dangerous Substances, which presented a clear and imminent danger to the public health, safety, and welfare. *Defendants' Brief in Surreply* at 4; Docket Entry No. 20.

In accordance with his employment, Plaintiff is insured with Defendant Principal Life Insurance Company under two separate insurance policies (the "Policies"). *See Compl*. at ¶1. The first policy (Policy #779241) provides coverage for disability income, and the second policy (Policy #7779242) provides coverage for overhead expense. *Id*. at ¶3. The combined purpose of these policies is to "insure Plaintiff for monetary loss of income from his medical practice in the event of a medical disability." *Id*. According to the terms of the former policy, "total disability" is defined as "(1.) being unable to perform the substantial and material duties of one's occupation and (2.) not working." *Id*. at ¶4.

On February 3, 2014 Plaintiff submitted a Disability Claim Notice to Defendant, claiming total disability and inability to perform in his specialty as a physician beginning October 9, 2013, as a result of depression. *Prop. Am. Compl*. at ¶9; Docket Entry No. 14-2. Defendant subsequently reviewed the following information in evaluating Plaintiff's claim: Plaintiff's Disability Claim Notice, Medical Professional Occupational & Financial Questionnaire, a report of Plaintiff's treating physician, and financial information including profit and loss statements. Defendant also conducted an in-home interview of Plaintiff, arranged for an Independent Medical Examination ("IME") of the Plaintiff, and reviewed the IME physician's "comprehensive, ten-page report." *Id*. at ¶¶9-15. Ultimately, on June 26, 2014, Defendant sent Plaintiff a letter informing him that his illness "does not meet the contractual definition of total

disability," and that he had the option to appeal the decision through a request for reconsideration, within 180 days of the letter. *Id*. at ¶¶16-17.  On November 4, 2014, via correspondence by his counsel, Plaintiff advised Defendant that he would appeal Defendant's decision, and also requested reconsideration of Defendant's decision. *Id*. at ¶18.  In response, Defendant reviewed Plaintiff's additional proof of loss, requested and received further information, submitted the claim for medical review, and scheduled an updated IME. *Id*. at ¶¶8-23.  Plaintiff did not appear at the updated IME, and instead filed suit against Defendant before the decision on his appeal was rendered. *See Deft. Br. Surreply* at 5.

Plaintiff filed the complaint in this action on February 18, 2015, seeking declaratory judgment for coverage pursuant to N.J.S.A. 2A:16-51 *et. seq.*; *see generally Compl*.  Plaintiff alleges that Defendant has a clear duty to affirm his claim for total disability, and make payment on that claim for both Policies, in accordance with the parties' contract. *Id*. at Count 2- ¶2(a). Defendant answered Plaintiff's complaint on March 31, 2015.  By way of the instant motion, Plaintiff seeks to amend his Complaint to add a Second Count for Breach of the Implied Covenant of Good Faith and Fair Dealing or a Bad Faith Claim. *Plaintiff's Brief in Support* at 3; Docket Entry No. 12-1.  Plaintiff alleges that Defendant acted in bad faith by being unreasonable and causing undue delay in the investigation, evaluation, and processing of Plaintiff's claim *Prop. Am. Compl.* at Count 2 - ¶11.  Plaintiff claims that Defendant's actions are therefore "in breach of the parties' binding insurance agreement." *Id*. at ¶12.  Additionally, Plaintiff claims that his reliance on Defendant's policy has resulted in further deterioration of his mental condition. *Id*. at ¶14.

3

Defendant filed an opposition to Plaintiff's motion on May 4, 2015 and Plaintiff filed a letter in reply on May 5, 2015. Additionally, Defendant was given leave to file a surreply and did so on June 4, 2015.

## II.     LEGAL STANDARD

Under Federal Rule of Civil Procedure 15(a)(1), "[a] party may amend its pleading once as a matter of course within: (A) 21 days after serving it; or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Otherwise, pursuant to Rule 15(a)(2) "a party may amend its pleading only with the opposing party's written consent or the court's leave. The Court should freely give leave when justice so requires." See *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Alvin v. Suzuki*, 227 F.3d 107, 121 (3d Cir. 2000).

Nevertheless, the Court may deny a motion to amend where there is "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of the amendment." *Id*. However, where there is an absence of undue delay, bad faith, prejudice or futility, a motion for leave to amend a pleading should be liberally granted. *Long v. Wilson*, 393 F.3d 390, 400 (3d Cir. 2004). "'Futility' means that the complaint, as amended, would fail to state a claim upon which relief could be granted." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997). To evaluate futility, the District Court uses "the same standard of legal sufficiency" as applied for a motion to dismiss under Rule 12(b)(6). *Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000).

The Supreme Court refined the standard for summary dismissal of a complaint that fails to state a claim in *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009). The Court examined Rule 8(a)(2) of

the Federal Rules of Civil Procedure, which provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED.R.CIV.P. 8(a)(2).[1] Citing its opinion in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007), for the proposition that "[a] pleading that offers 'labels and conclusions' or a 'formulaic recitation of the elements of a cause of action will not do," *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 555), the Supreme Court identified two working principles underlying the failure to state a claim standard.

> First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice …. Rule 8 … does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. Determining whether a complaint states a plausible claim for relief will … be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged--but it has not "show[n]" -- "that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

*Iqbal*, 129 S. Ct. at 1949-1950 (citations omitted). The Court further explained that:

> a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement of relief.

*Id*. at 1950.

Thus, to prevent a summary dismissal, a civil complaint must allege "sufficient factual matter" to show that the claim is facially plausible. *Id*. at 1949. This then "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. The Supreme Court's ruling in *Iqbal* emphasizes that a plaintiff must demonstrate that the allegations of his complaint are plausible. *Id*. at 1949-50.

---

[1] Rule 8(d)(1) provides that "[e]ach allegation must be simple, concise, and direct. No technical form is required. FED.R.CIV.P. 8(d).

5

In the context of insurance coverage cases, the New Jersey Supreme Court has established that a cause of action may exist for an insurance company's "bad faith" failure to pay an insured's claim. *Tarsio v. Provident Ins. Co.*, 108 F. Supp. 2d 397, 400 (D.N.J. 2000). Such bad faith claims are to be analyzed in light of a "fairly debatable" standard, which posits that "[i]f a claim is 'fairly debatable,' no liability in tort will arise." *Pickett*, 621 A.2d at 453. Thus, under the "fairly debatable" standard, a claimant must be able to establish a right to summary judgment, as a matter of law, for coverage before asserting a bad faith claim against an insurer for their refusal to pay a claim. *See Polizzi Meats v. Aetna Life & Cas. Co.*, 931 F. Supp. 328, 339 (D.N.J. 1996). "[I]f plaintiff cannot establish a right to summary judgment, the bad faith claim fails. In other words, if there are material issues of disputed fact which would preclude summary judgment as a matter of law, an insured cannot maintain a cause of action for bad faith." *Am. Gen. Life Ins. Co. v. Ellman Sav. Irrevocable Trust*, 2010 U.S. Dist. LEXIS 133713, at *20 (D.N.J. Dec. 17, 2010) (citations omitted). *See also Tariso*, 108 F. Supp. 2d at 401 ("[i]f factual issues exist as to the underlying claim… the Court must dismiss plaintiff's second cause of action--the "bad faith" claim"); *Hudson Universal v. Aetna Ins. Co.*, 987 F. Supp. 337, 342 (D.N.J. 1997) ("an insurer's disclaimer of coverage cannot be held to be in bad faith **unless** the insured is granted summary judgment on the issue of coverage") (emphasis in the original). "When the insured's complaint contains issues of material fact as to the underlying claim, dismissal of a related bad faith claim is proper." *N.J. Title Ins. Co. v. Nat'l Union Fire Ins. Co.,* 2011 U.S. Dist. LEXIS 149162, *21 (D.N.J. Dec. 27, 2011).

### III.   DISCUSSION

Plaintiff seeks to add a cause of action for breach of the Implied Covenant of Good Faith and Fair Dealing or Bad Faith. Plaintiff alleges that Defendant acted unreasonably and did not

have a valid reason for denying his claim, since Plaintiff was "diagnosed by two (2) independent qualified physicians with a legitimate illness, which rendered Plaintiff totally disabled and completely unable to work." *Prop. Am. Compl*. at Count 2 - ¶5.  Plaintiff also alleges that Defendant caused undue delay, noting that Defendant took longer than the pre-established 45-day waiting period to respond to Plaintiff's request for reconsideration. *Id*. at ¶¶6-7; 11.  Additionally, Plaintiff argues that Defendant unreasonably required another IME before rendering a decision. *Id*. at ¶8.

In response to Plaintiff's motion, Defendant argues that leave to amend should be denied for four reasons.  First, Defendant argues that Plaintiff's motion should be denied because it is in violation of the Court's April 7, 2015 Order, which requires leave to be obtained from the Court, prior to the filing of a motion. *Defendant's Brief in Opposition* at 4; Docket Entry No. 13.  Second, Defendant notes that Magistrate Judge Clark's Standing Procedures "expressly state that no motions are permitted unless a letter setting forth the basis of the motion and a request for telephone conference precedes the motion." *Id*. at 4-5.  Plaintiff did not submit a letter in accordance with these procedures, and thus Defendant argues that Plaintiff's motion should be denied. *Id*. at 5.  Third, Defendant argues that Plaintiff's motion should be denied because it does not comply with Local Civil Rule 7.1(f), which requires the moving party to attach a copy of the proposed amended complaint to the motion for leave to amend.[2] *Id*. at 5.  Lastly, Defendant argues that Plaintiff's amended complaint should be denied on the grounds of futility, since it would not survive a motion to dismiss for failure to state a claim upon which relief may be granted, pursuant to Federal Rule of Civil Procedure 12(b)(6). *Id*. at 7.  Defendant argues that

---

[2] The Court notes that Plaintiff filed its proposed amended complaint in conjunction with its Reply Brief, due to technical difficulties. *See generally Prop. Am. Compl*. The Court shall accept Plaintiff's proposed amended complaint as timely filed and declines to deny under Rule 7.1(f).

7

there are "numerous issues of material fact with respect to Principal Life's claim determination," and thus Plaintiff's bad faith claim would be dismissed. *Deft. Br. Opp.* at 12.

In order to prevail on a claim of action for breach of the Implied Covenant of Good Faith and Fair Dealing or Bad Faith, Plaintiff must satisfy the two-factor test set forth in *Pickett v. Lloyd's (A Syndicate of Underwriting Members)*, 621 A.2d 445, 453 (N.J. 1993) which holds that "to show a claim for bad faith, a plaintiff must show the absence of a reasonable basis for denying benefits of the policy and the defendant's knowledge or reckless disregard of the lack of a reasonable basis for denying the claim." Specifically, "in the insurance context, a bad faith claim is premised on the insurer's failure to investigate an insured's claim for benefits." *Id*.

The Court finds that, even when viewed in the light most favorable to Plaintiff, Plaintiff has failed to allege sufficient facts that would allow him to establish a right to summary judgment on his insurance coverage claim. Moreover, Plaintiff's amended complaint relies on the same allegations that he cited in connection with his request for Declaratory Judgment. In this regard, Plaintiff does not allege any additional facts that would allow him to sustain a claim for bad faith. Indeed, Plaintiff's amended complaint catalogues the many steps that Defendant took to investigate his claim. *See Prop. Am. Compl.* at ¶¶9-15.

The Court finds that Plaintiff's Proposed Amended Complaint relies on allegations of mere "labels and conclusions," leaving numerous factual issues unresolved. *See Twombly*, 550 U.S. at 555. Specifically, Plaintiff's Proposed Amended Complaint evidences the many material issues of disputed fact surrounding Defendant's investigation into Plaintiff's claims. For instance, though Plaintiff repeatedly asserts the legal conclusion that Defendant's denial of his claim was in "bad faith," he does not plead facts that would allow a reasonable person to plausibly, and definitively, conclude that Defendant denied the claim intentionally, and also

recklessly disregarded the lack of a reasonable basis. The uncertainty of the facts surrounding Defendant's denial of Plaintiff's claim is "fairly debatable," which would preclude summary judgment as a matter of law. Because of the presence of such material issues of disputed fact, Plaintiff's bad faith claim would not survive a motion to dismiss, and is thus futile.

Because the Court finds Plaintiff's proposed amendment to be futile, it declines to address Defendant's remaining arguments.

### IV.    CONCLUSION

For the foregoing reasons, Plaintiff's motion for leave to file an amended complaint is hereby DENIED.[3]

Dated: July 7, 2015

s/James B. Clark, III
**HONORABLE JAMES B. CLARK, III**
**UNITED STATES MAGISTRATE JUDGE**

---

[3] The Court is loathe to deny an amendment so early in the litigation, especially when Plaintiff sought consent from Defendant written the time when Plaintiff could have amended as of right. However, the Court is also loathe to permit a claim that it finds futile, only to have litigation likely prolonged by a motion to dismiss.